1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  JOSEPH J. UPCHURCH, et al.,          Case No. 2:25-cv-02203-CSK

12              Plaintiffs,

13              v.                        ORDER DENYING PLAINTIFFS' MOTION
                                          FOR PRELIMINARY INJUNCTION,
14  JAMES WILLIAMS, et al.,               GRANTING DEFENDANTS' MOTION TO
                                          DISMISS, AND DENYING PLAINTIFFS'
15              Defendants.               DISQUALIFICATION MOTION

16                                        (ECF Nos. 10, 12, 20)

17

18          Pending before the Court are Plaintiffs Joseph J. Upchurch, Mark William Shelley,

19  and Anthony Tofani's motion for a preliminary injunction (ECF No. 10); Defendants

20  James Williams and Robert Williams's motion to dismiss (ECF No. 12); and Plaintiffs'

21  motion to disqualify Defendants' attorney (ECF No. 20).[1] Plaintiffs are appearing without

22  counsel. A hearing was held on October 28, 2025. Plaintiffs Upchurch, Shelley, and

23  Tofani appeared at the hearing without counsel. Attorney David Rosenfeld appeared as

24  counsel for Defendants. (ECF No. 36.)

25          For the reasons that follow, the Court DENIES Plaintiffs' motion for preliminary

26  _____

27  [1]  This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all
    purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF
28  Nos. 6-8, 13, 15.)

                                          1

1  injunction; GRANTS Defendants' motion to dismiss with leave to amend; and Plaintiffs'

2  motion to disqualify Defendants' attorney was WITHDRAWN by Plaintiffs.

3  **I.    BACKGROUND**

4  **A.    Factual Allegations[2]**

5  Plaintiffs bring claims against Defendant James Williams in his official capacity as

6  the General President of the International Union of Painters and Allied Trades ("IUPAT")

7  and Defendant Robert Williams in his official capacity as Business Manager of District

8  Council 16 of the IUPAT. Compl. at 1 (ECF No. 1). Plaintiffs are members in good

9  standing of the IUPAT. Compl. ¶¶ 5-7. Plaintiffs allege that in July and August 2025,

10  District Council 16 conducted a bylaws vote that would grant substantial increases in

11  wages, benefits, and other compensation to its elected officers, including Defendant

12  Robert Williams. Compl. ¶ 10. The exact dollar amount of these increases was not

13  disclosed by Defendant Robert Williams to the members. Compl. ¶ 11. The Complaint

14  alleges that "[i]n every local union where those figures were disclosed to members prior

15  to the vote, the proposed bylaws failed to pass." Compl. ¶ 12.

16  On August 5, 2025, Plaintiff Upchurch attended the Local Union 1237 meeting to

17  cast his vote, but "he was not permitted to speak or ask questions regarding the bylaws."

18  Compl. ¶ 14. In addition, Business Representative  Randy Riojas "physically barricaded

19  [Plaintiff] from other members" at this meeting. *Id.* Before the August 5, 2025 meeting,

20  Plaintiff Upchurch contacted Defendant James Williams, who assured him that visiting

21  members who were asked to speak by the membership would be heard. Compl. ¶ 15. In

22  addition, "[a]lthough a motion to allow [Plaintiff] Shelley to speak was made and

23  seconded, Local 169's president ruled it out of order." *Id.*

24  On July 8, 2025, Plaintiff Shelley attended the Local Union 718 meeting and

25  _____

26  [2]   These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec.*

27  *Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559

28  F.3d 1061, 1071 (9th Cir. 2009).

"made a proper motion to adjourn to allow time for members to get answers to questions about the bylaws." Compl. ¶ 16. The motion was passed, but later overruled by Defendant James Williams in violation of the IUPAT Constitution. *Id.*

Plaintiff Tofani attended a Local Union 718 meeting and was told that he could not speak at the meeting. Compl ¶ 17. On August 6, 2025, Plaintiff Tofani attended a Local Union 913 meeting where Regional Director Troy Notrangelo called Plaintiff Tofani a "vulgar epithet" in front of other members that created "an atmosphere of intimidation." Compl. ¶ 18.

Plaintiffs allege Defendants violated the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(1)-(2) and violated the IUPAT Constitution, which is a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 301. Compl. at 2. Plaintiffs seek declaratory and injunctive relief. Compl. at 2-3.

## B.    Procedural Background

Plaintiffs filed a Complaint on August 8, 2025. *See* Compl. On the same day, Plaintiffs filed a motion for preliminary injunction. (ECF No. 2.) The Court issued a minute order instructing Plaintiffs to re-notice the motion in compliance with Local Rule 230(b) and file proofs of service of the motion, notice of motion with the hearing date, and the Complaint. 8/8/2025 Minute Order (ECF No. 5). The Court also instructed Plaintiffs to file signed versions of the declarations that were attached to the Complaint. *Id.* On August 15, 2025, Plaintiffs filed an amended motion for preliminary injunction and set it for hearing on September 23, 2025. Pl. Mot. (ECF No. 10); *see* ECF No. 11. On September 10, 2025, pursuant to the Court's September 5, 2025 minute order (ECF No. 11), Defendants filed an opposition to the motion for preliminary injunction. Defs Opp'n Pl. Mot. Prelim. Inj. (ECF No. 17).

On September 4, 2025, Defendants filed a motion to dismiss the Complaint and set it for hearing on October 28, 2025. Defs. Mot. (ECF No. 12). Pursuant to Defendants' request (ECF No. 18), the Court consolidated the hearings on both motions to October

28, 2025. (ECF No. 19). Plaintiffs filed a motion to advance the hearing on the motion for preliminary injunction (ECF No. 21), which the Court denied (ECF No. 22). Plaintiffs also filed a motion to disqualify Defendants' attorney (ECF No. 20), and Defendants filed an opposition (ECF No. 23). On September 30, 2025, the Court instructed Plaintiffs to file an opposition or a statement of non-opposition to Defendants' motion to dismiss by close of business October 7, 2025. (ECF No. 24.) Plaintiffs filed a document titled "Statement of Opposition to Defendants Opposition to Request for Preliminary Injunction." (ECF No. 25.) On October 9, 2025, Defendants filed a notice of no opposition received as to the motion to dismiss. (ECF No. 26.) On October 13, 2025, Defendants filed an objection to Plaintiffs' opposition. (ECF No. 27.) On October 28, 2025, the morning of the hearing, Plaintiffs filed another opposition to Defendants' motion to dismiss without leave of court. (ECF No. 35.) Plaintiffs also brought a hard copy of this filing to the hearing and presented it to the undersigned. At the hearing, the undersigned informed the parties that the Court would not consider the brief for the pending motions, which was filed late and without leave of Court.

## II.    PARTIES' FILINGS

On October 7, 2025, Plaintiffs filed a document titled "Statement of Opposition to Defendants Opposition to Request for Preliminary Injunction." Pl Opp'n (ECF No. 25). Plaintiffs expressly state this filing is a response to the Court's Minute Order, which instructed Plaintiffs to file an opposition or a statement of non-opposition to Defendants' motion to dismiss. Pl. Opp'n at 1; *see also* 9/30/2025 Minute Order (ECF No. 24). The substance of Plaintiffs' opposition also relates to both the motion to dismiss and the motion for preliminary injunction. Defendants argue Plaintiffs failed to file an opposition to the motion to dismiss, and object to this filing and its attached documents. (*See* ECF No. 27.) The court is required to construe pro se pleadings liberally. *See Chambers*, 78 F.4th at 1104. The fact that Plaintiffs did not include the motion to dismiss in their document title is not controlling. Even apart from the liberal construction requirement, Plaintiffs' October 7 filing expressly states that it is responding to the Court's Minute

4

1  Order and substantively addresses both the motion to dismiss and the preliminary

2  injunction motion. Therefore, the Court will consider Plaintiffs' filing in deciding

3  Defendants' motion to dismiss and rejects Defendants' arguments to the contrary. To the

4  extent Plaintiffs' filing or the attached documents contain factual allegations not raised in

5  the Complaint or incorporated by reference in the Complaint, the Court will not consider

6  those new allegations in deciding Defendants' motion to dismiss. *See Broam v. Bogan*,

7  320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

8  **III.    DEFENDANTS' MOTION TO DISMISS**

9       **A.    Legal Standards**

10           1.    Pro Se Pleadings, Construction and Amendment

11      Pro se pleadings are to be liberally construed and afforded the benefit of any

12 doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

13 claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

14 opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

15 Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

16 *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

17      To determine the propriety of a dismissal motion, the court may not consider facts

18 raised outside the complaint (such as in an opposition brief), but it may consider such

19 facts when deciding whether to grant leave to amend. *Broam*, 320 F.3d at 1026 n.2.

20           2.    Failure to State a Claim under Rule 12(b)(6)

21      A claim may be dismissed because of the plaintiff's "failure to state a claim upon

22 which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

23 it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

24 theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering

25 whether a claim has been stated, the court must accept the well-pleaded factual

26 allegations as true and construe the complaint in the light most favorable to the non-

27 moving party. *Id.* However, the court is not required to accept as true conclusory factual

28 allegations contradicted by documents referenced in the complaint, or legal conclusions

merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009)

### 3.    Federal Rule of Civil Procedure 8

A complaint must contain a short and plain statement of the claims as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

### B.    Discussion

Defendants move to dismiss the Complaint for failure to state a claim.[3] Plaintiffs bring claims against Defendants under the LMRDA Title I, 29 U.S.C. § 411(a)(1), and (2) for denying Plaintiffs and other members their equal rights to participate in union meetings, vote, speak, and express views. Defendants argue that Plaintiffs do not name any labor organization as a defendant, and that neither of the two union officers named as defendants were officers of the local unions identified in the Complaint. Defs. Mot. at 4. Further, Defendants argue there are no allegations of abusive conduct against either individual Defendant. *Id.*

### 1.    Labor-Management Reporting and Disclosure Act

Title I of the LMRDA "provides union members with an exhaustive 'Bill of Rights' enforceable in federal court." *Local No. 82 v. Crowley*, 467 U.S. 526, 536 (1984). This

---

[3] Because the Court's review on the motion to dismiss is limited to the Complaint's allegations, the Court also does not consider new facts raised by Defendants in their motion to dismiss. *See, e.g.,* Defs. Mot. Dismiss at 2 (raising factual allegations regarding Plaintiffs' local union membership that are not included in the Complaint). The Court declines to convert the motion to dismiss to a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

Bill of Rights guarantees every union member equal rights to vote and participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline. *Id.* at 536-37. Section 101(a)(1) of the LMRDA[4] provides that union members have "equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." 29 U.S.C. § 411(a)(1). "Section 101(a)(1) is an anti-discrimination provision, pure and simple." *Ackley v. W. Conf. of Teamsters*, 958 F.2d 1463, 1473 (9th Cir. 1992).

Section 101(a)(2) provides "the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an election of the labor organization or upon any business properly before the meeting," subject to the organization's established and reasonable rules. 29 U.S.C. § 411(a)(2). "It is settled law that the scope of section 101(a)(2) is not coextensive with that of the first amendment." *Ackley*, 958 F.2d at 1475. "The courts of appeal have construed section 101(a)(2) to provide a remedy not only for direct reprisals against dissenters, but also for union conduct that inhibits or threatens dissenting speech." *Id.*

Section 102 of the LMRDA, 29 U.S.C. § 412, provides a federal cause of action for violation of the rights provided for under sections 101(a)(1) and (2). *Casumpang v. Int'l Longshoremen's & Warehousemen's Union, Local 142*, 269 F.3d 1042, 1052 n.7 (9th Cir. 2001). Only individual union members have standing to sue for violations of sections 101(a)(1) and (2), *Teamsters Joint Council No. 42 v. Int'l Board of Teamsters*, 82 F.3d 303, 305 (9th Cir. 1996), and they may bring suit against both their union and individual union officers to the extent that the officers "acted abusively with reference to

---

[4]   Title I of the LMRDA is codified at 29 U.S.C. §§ 411-15.

their union duties," *Aguirre v. Automotive Teamsters*, 633 F.2d 168, 172 (9th Cir. 1980); *see Link v. Rhodes*, 2006 WL 1348424, at *7-8 (N.D. Cal. May 17, 2006) (allegations solely brought against individual defendants).

### 2.    Labor Management Relations Act

A claim for violation of a union constitution or a collective bargaining agreement may be brought under Section 301 of the Labor Management Rights Act ("LMRA"), 29 U.S.C. § 185, for breach of contract. *See Ackley,* 958 F.2d at 1476; *Smith v. Evening News Ass'n*, 371 U.S. 195, 199-201 (1962). Section 301(a) of the LMRA authorizes the federal courts to adjudicate "[s]uits for violation of contracts between an employer and a labor organization . . . or between any such labor organizations." 29 U.S.C. § 185(a). The statute not only confers jurisdiction, "[i]t expresses a federal policy that federal courts should enforce these agreements on behalf of or against labor organizations and that industrial peace can be best obtained only in that way." *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 455 (1957). "A union constitution is considered a contract between the union and its members, and a member or members may sue the union under section 301(a) for breach of that contract." *Ackley,* 958 F.2d at 1476 (citing *Wooddell v. Int'l Bhd. of Elec. Workers,* 502 U.S. 93, 99-100 (1991)). The Supreme Court has made clear that the statute "contemplates suits by and against individual employees as well as between unions and employers" and includes suits to "vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976).

### 3.    Analysis

#### a.    *Proper Defendants and Relief Sought*

In Defendants' motion to dismiss, Defendants argue that the Complaint fails to name any labor organization as a defendant, and only brings suit against two individual union officers. Defs. Mot. at 4. Defendants state that neither Defendant is an officer of the local unions referenced in the Complaint and there is no allegation of abusive conduct by the individual Defendants. *Id.* Further, Defendants argue that Plaintiffs seek

8

to bar the implementation of the bylaw changes but do not name the "involved entities" as defendants. *Id.* at 5.

Defendants are correct. Under 29 U.S.C. § 412,

> [a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located.

Plaintiffs seek injunctive relief barring implementation of the proposed bylaws until a proper vote is conducted and also seek to have the July-August 2025 bylaws vote declared invalid. Compl. at 3. Plaintiffs may seek injunctive relief under both the Section 101(a) of the LMRDA and Section 301 of the LMRA. *See Samson Tug & Barge, Co. Inc. v. Int'l Longshore & Warehouse Union*, 2021 WL 786768, at *8 & n.97 (D. Alaska Mar. 1, 2021) (citing *Serv. Emp. Int'l. Union v. Nat. Union of Healthcare Workers*, 598 F.3d 1061, 1066, 1072-73 (9th Cir. 2010)); *Rodriguez v. Serv. Emps. Int'l*, 755 F. Supp. 2d 1033, 1043 (N.D. Cal. 2010) (citing 29 U.S.C. § 412).

While there are cases where individual union officials are named as defendants together with the union or other labor organization, *see, e.g.*, *Pitpit v. Teamsters Local No. 150*, 2025 WL 417980 (E.D. Cal. Feb. 6, 2025); *Rodriguez*, 755 F. Supp. 2d at 1043; *Slack v. Int'l Union of Operating Engineers*, 2014 WL 4090383 (N.D. Cal. Aug. 19, 2014), Plaintiffs were not able to identify any authority and the Court was not able to find any providing that Plaintiffs' claims under the LMRDA or LMRA seeking equitable relief can be brought solely against individual union officers, rather than against a labor organization such as the local union, the District Council, and/or the IUPAT.[5] Therefore,

---

[5]  The Court was only able to find two LMRDA cases brought against individual union defendants and not union entities. The first is *Link*, 2006 1348424, at *7-8, which was dismissed against the individual union defendants for failure to exhaust and the court did not address whether a local or national union was a necessary defendant. The second is *Sonsten v. Moreno*, 1996 WL 479021, at *4 (N.D. Cal. Aug. 14, 1996), where the court granted summary judgment in favor of defendants, finding that candidates running for

1   the Court concludes that Plaintiffs may not seek this equitable relief against the

2   individual defendants.

3        As discussed in more detail below, leave to amend is provided and the court is

4   required to provide a pro se plaintiff with notice of the defects in their pleading. *See Cato*

5   *v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995). Based on the type of relief

6   requested, the local union, the District Council, and/or the IUPAT need to be named as

7   defendants. Plaintiffs may amend to name one or more union entities as a defendant if

8   such allegations can be made.

9                    *b.     LMRDA Section 101(a)(1) Claim*

10       Under Section 101(a)(1), union members "have equal rights and privileges" within

11  the organization "to nominate candidates, to vote in elections or referendums of the labor

12  organization, to attend membership meetings, and to participate in the deliberations and

13  voting upon the business of such meetings, subject to reasonable rules and regulations

14  in such organization's constitution and bylaws." 29 U.S.C. § 411(a)(1). To state a claim

15  under Section 101(a)(1), "a union member must allege a denial of rights accorded to

16  other members." *Ackley*, 958 F.2d at 1473.

17       Here, Plaintiffs have not sufficiently alleged they were denied equal rights that

18  were given to other members, which is required for a Section 101(a)(1) claim. *See*

19  *Ackley*, 958 F.2d at 1473. For example, the Complaint does not include allegations that

20  Plaintiffs were treated differently than other members, including allegations regarding

21  whether other members were permitted to speak at a union meeting, whether other

22  members who did not object to the lack of information or object to the proposed bylaw

23  changes were treated differently, whether visiting members were permitted to speak at a

24  union meeting, whether other members were physically barred access to members,

25  whether other members' motions were not overruled, whether other members' motions

26

27  office do not have the right to a copy of the unions' membership lists, but did not address
    whether a local or national union was a necessary defendant.

28

were taken out of order, etc.

### i.    *Defendant James Williams*

Plaintiffs have not sufficiently stated a Section 101(a)(1) claim against Defendant James Williams. Plaintiffs first allege that on August 5, 2025, Plaintiff Upchurch attended a Local 1237 meeting to cast his vote. Compl. ¶ 14. Prior to that meeting, Plaintiff Upchurch contacted Defendant James Williams, who "assured" Upchurch that visiting members asked to speak by the membership would be allowed to be heard. Compl. ¶ 15. Based on this assurance, Upchurch asked Plaintiff Shelley to speak on Upchurch's behalf. *Id.* At the meeting, a motion was made and seconded to hear from Shelley, but Local Union 169's president ruled the motion out of order. *Id.* The Complaint alleges that Plaintiff Shelley was prevented from speaking by Local Union 169's president, not by Defendant James Williams.

Further, Plaintiffs next allege that on July 8, 2025, Plaintiff Shelley attended Local Union 718's meeting and made a proper motion to adjourn the bylaws vote to allow time for members to get answers to questions about the bylaws. Compl. ¶ 16. The motion was passed but later overruled by Defendant James Williams in violation of the IUPAT Constitution. *Id.* It is unclear from the face of the Complaint whether Plaintiff Shelley was treated differently than other union members or denied rights at the meeting that were afforded other members when Defendant James Williams overruled Shelley's motion. *See Ackley*, 958 F.2d at 1473. Accordingly, Plaintiffs' Section 101(a)(1) claim against Defendant James Williams is dismissed with leave to amend to the extent Plaintiffs can allege additional facts to support their claim.

### ii.    *Defendant Robert Williams*

Plaintiffs have not stated a claim against Defendant Robert Williams under Section 101(a)(1). Plaintiffs allege that Defendant Robert Williams did not disclose to the membership the exact dollar amounts or percentages of proposed wage, benefits, and compensation increases for District Council 16's elected officers despite member requests. Compl. ¶¶ 10, 11. Based on the allegations in the Complaint, Defendant

1   Robert Williams did not disclose information to the membership as a whole. Compl. ¶ 11.

2   The Complaint does not allege any of the Plaintiffs were treated differently or denied

3   rights by Defendant Robert Williams at the meeting that were afforded other members.

4   *See* Compl.; *Ackley*, 958 F.2d at 1473. Accordingly, Plaintiffs' Section 101(a)(1) claim

5   against Defendant Robert Williams is dismissed with leave to amend to the extent

6   Plaintiffs can allege additional facts to support their claim.

7          Plaintiffs have not sufficiently alleged facts to suggest that either Defendant

8   deprived any Plaintiff of rights given to other members. Accordingly, Plaintiffs have failed

9   to state a Section 101(a) claim against Defendants and Defendants' motion to dismiss

10  the Section 101(a)(1) claim is granted on this ground. Plaintiffs' claims against

11  Defendants are dismissed with leave to amend to the extent they can allege sufficient

12  facts to support their claims.

13                        *iii.*        *Other Individuals*

14         In the Complaint, Plaintiffs raise allegations against other individuals besides the

15  two named defendants. Plaintiffs allege that Business Representative Randy Riojas

16  physically barricaded Plaintiff Upchurch from other members at a Local Union 1237

17  meeting on August 5, 2025. Compl. ¶ 14. Plaintiffs allege that Local Union 169's

18  president ruled a motion to allow Plaintiff Shelley to speak at a Local Union 169 meeting

19  out of order. Compl. ¶ 15. Plaintiff Tofani was told by a business representative at a

20  Local Union 718 meeting that he could not speak. Compl. ¶ 17. In addition, on August 6,

21  2025 at a Local Union 913 meeting, Regional Director Troy Notrangelo called Plaintiff

22  Tofani a "vulgar epithet" in front of other members, "creating an atmosphere of

23  intimidation." Compl. ¶ 18.

24         These facts could potentially allege an interference in Plaintiffs' ability to

25  participate in deliberations if any other member was allowed to speak and participate, or

26  if motions raised by other members were treated differently. *See Ackley*, 958 F.2d at

27  1473. None of these individuals or any labor organizations, however, were named as

28  defendants in the Complaint, which goes to the proper defendant argument discussed

1    above.

2                         *c.    LMDRA Section 101(a)(2) Claim*

3              To state a claim under LMDRA Section 101(a)(2), 29 U.S.C. § 411(a)(2), a

4    plaintiff must allege facts showing that:  "(1) he or she exercised the right to oppose

5    union policies; (2) he or she was subjected to retaliatory action; and (3) the retaliatory

6    action was 'a direct result of his [or her] decision to express disagreement' with the

7    union's leadership." *Casumpang*, 269 F.3d at 1058 (alteration in original) (citation

8    omitted).

9                         *i.    Defendant James Williams*

10             Plaintiffs have failed to state a claim under Section 101(a)(2) against Defendant

11   James Williams. Plaintiffs allege that Plaintiff Shelley attended a Local Union 718

12   meeting on July 8, 2025 and made a proper motion to adjourn to allow time for members

13   to receive answers to questions about the bylaws. The motion was passed unanimously

14   but later unilaterally overruled by Defendant James Williams in violation of the IUPAT

15   Constitution. Compl. ¶ 16. Here, Plaintiffs have sufficiently pled the first element by

16   alleging that Plaintiff Shelley made a motion to adjourn to allow time to ask questions

17   and receive answers about the bylaws, i.e., for exercising his speech rights. *See S.W.*

18   *Regional Council of Carpenters v. Limon*, 2018 WL 6003589, at *7 (C.D. Cal. May 17,

19   2018) (finding former local officer stated a claim under Section 101(a)(2) by alleging that

20   the union expelled him for exercising his free speech rights (sending an email and

21   testifying at a hearing) and that an investigation resulted directly from this exercise of his

22   rights); *Link*, 2006 WL 1348424, at *7 (union member stated a claim under Section

23   101(a)(2) by alleging he exercised his right to oppose the union's course of action by

24   criticizing union officials, he was retaliated against by being terminated from an

25   apprenticeship program, and the termination was the result of his decision to criticize the

26   union).

27             However, Plaintiffs have not sufficiently pled the second element, i.e., that

28   Defendant James Williams's action of overruling Plaintiff's motion was retaliatory. *See*

1   *Davis v. Pro. Musicians Loc. 47*, 2013 WL 12124388, at *8 (C.D. Cal. Mar. 28, 2013)

2   (listing examples of actionable retaliation, including physical attack, refusal of jobs,

3   revocation of union membership, having a union member arrested, forbidding the

4   distribution of literature, and surveillance of union meetings and/or of dissident

5   members); *Pitpit*, 2025 WL 417980, at *5 (adverse action can include membership bans,

6   suspension, and removal from elected office during a term). As such, Plaintiffs have also

7   not sufficiently alleged the third element, i.e., that any retaliatory action was the direct

8   result of Plaintiffs' actions. Accordingly, Plaintiffs' Section 101(a)(2) claim against

9   Defendant James Williams is dismissed with leave to amend to the extent Plaintiffs can

10  allege such a claim.

11                    ii.        *Defendant Robert Williams*

12          Plaintiffs have failed to state a claim against Defendant Robert Williams under

13  Section 101(a)(2). Plaintiffs allege that Defendant Robert Williams did not disclose the

14  exact dollar amounts or percentages of the proposed increases despite repeated

15  requests. Compl. ¶ 11. However, these facts do not state a claim under Section

16  101(a)(2) because Plaintiffs do not allege that they opposed a union policy, or were

17  retaliated against because of their opposition. *See Casumpang*, 269 F.3d at 1058.

18  Accordingly, Plaintiffs' Section 101(a)(2) claim against Defendant Robert Williams is

19  dismissed with leave to amend to the extent Plaintiffs can allege such a claim.

20                    iii.       *Other Individuals Named*

21          Plaintiffs raise allegations against other individuals besides the individual

22  Defendants. Specifically, and potentially relevant to a claim under Section 101(a)(2),

23  Plaintiffs allege at Local Union 169's meeting, a motion was made and seconded to

24  allow Plaintiff Shelley to speak at the meeting, but Local Union 169's president ruled the

25  motion out of order. Compl. ¶ 15. These facts could support an inference that Plaintiff

26  Shelley exercised his right to oppose union policies by attempting to speak at the

27  meeting, he was subjected to retaliatory action, and this action was the direct result of

28  his decision to express disagreement with union leadership. *See Casumpang*, 269 F.3d

at 1058. However, Local Union 169 and its president were not named as defendants in the Complaint. Accordingly, Plaintiffs are granted leave to amend their Complaint to the extent they can allege sufficient facts to state a Section 101(a)(2) claim.

*d.*     *LMRA Section 301 Claim*

In the Complaint, Plaintiffs allege that Plaintiff Shelley made a proper motion to adjourn to allow time for members to receive answers to questions about the bylaws, the motion was unanimously passed, but was later overruled by Defendant James Williams in violation of the IUPAT Constitution. Compl. ¶ 16. Construing the Complaint liberally as required, the Court construes this as a claim under Section 301(a) of the LMRA for violation of the union constitution. Defendants move to dismiss the entire Complaint, but do not directly address Plaintiffs' allegations that Defendants violated the IUPAT Constitution. *See* Defs. Mot.

To state a LMRA Section 301(a) claim, a plaintiff must allege facts showing that a defendant violated a specific provision of a union constitution or contract. *See Sheen v. Screen Actors Guild*, 2012 WL 2360923, at *9-10 (C.D. Cal. Mar. 28, 2012); *Sunrise Hosp. & Med. Ctr., LLC v. Loc. 1107 of Serv. Emps. Int'l Union*, 2024 WL 4564317, at *3-4 (D. Nev. Oct. 23, 2024). In addition, a plaintiff must adequately plead exhaustion of the grievance procedures set forth in the agreement. *See Lopez v. HMS Host, Inc.*, 2010 WL 199716, at *6 (N.D. Cal. Jan. 13, 2010) (citing *DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983)).

The Court may dismiss a claim sua sponte under Rule 12(b)(6) after giving the plaintiff notice and an opportunity to respond. *See Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015); *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). At the hearing, the Court provided notice to Plaintiffs that this Section 301(a) claim may be dismissed for failure to state a claim and gave Plaintiffs the opportunity to respond at the hearing and also to respond in writing to address whether and how the current Complaint states a claim under the LMRA, or to attempt to correct the deficiencies in an amended complaint. Plaintiffs declined the opportunity to file a

15

written response, and elected to attempt to amend this claim. Defendants argued at the hearing that it was futile to amend because courts show deference to a union's interpretation of its constitution and because delaying one local vote would upset the other local union votes.

Here, as alleged, Plaintiffs have failed to state a Section 301(a) claim. Plaintiffs allege that Defendant James Williams violated the IUPAT Constitution by overruling Plaintiff Shelley's properly made motion to adjourn to allow time for members to receive answers to questions about the bylaws. Compl. ¶ 16. While violation of a union constitution is actionable under LMRA Section 301(a), the Complaint's allegation is conclusory. *See Europa Auto Imports, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers Local Lodge No. 1484*, 2023 WL 7225003, at *4 (S.D. Cal. Nov. 2, 2023) (analyzing whether union violated specific provision of the collective bargaining agreement); *Sheen v. Screen Actors Guild*, 2012 WL 2360923, at *9-10 (C.D. Cal. Mar. 28, 2012) (noting that plaintiffs claimed defendants' actions violated a provision of the Screen Actors Guild constitution, and finding plaintiffs had stated a claim for breach of contract under Section 301(a)). In addition, the Complaint does not plead exhaustion of the grievance procedures. *See Lopez*, 2010 WL 199716, at *6. Accordingly, the Section 301(a) claim is dismissed with leave to amend to the extent Plaintiffs can allege additional facts to state a LMRA Section 301(a) claim.

Plaintiffs also allege that Defendant Robert Williams did not disclose the exact dollar amounts or percentages of the proposed wage increases for the elected officers despite multiple requests. Compl. ¶ 11. A claim that union leadership did not provide adequate information for its members to make an informed decision could potentially be actionable for violation of a union's rules and regulations. *See Rodriguez*, 755 F. Supp. 2d at 1047 (discussing *Ackerly* and noting a claim that union leadership did not provide adequate information could be brought under LMRA Section 301(a), but not LMRDA Section 301(a)(2)); *Ackerly*, 958 F.2d at 1477. At the hearing, Defendants noted that it appeared Plaintiffs were trying to argue a claim that was not pled in the Complaint. To

1  the extent Plaintiffs are attempting to raise a claim based on Defendant Robert Williams

2  and/or the union's alleged failure to provide adequate information, the Court agrees that

3  such a claim has not been stated. *See* Compl. Plaintiffs have not alleged a right to

4  adequate information or that Defendants violated a specific provision of the union

5  constitution, bylaws, or collective bargaining agreement that provides this right. *See*

6  *Europa Auto Imports, Inc.*, 2023 WL 7225003, at *4; *Sheen*, 2012 WL 2360923, at *9-10.

7  Plaintiffs may attempt to plead such a claim in their amended complaint.

8                    4.  <u>Leave to Amend</u>

9        If the court finds that a complaint should be dismissed for failure to state a claim, it

10 has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122,

11 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that

12 the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id.* at

13 1130-31; *see also Cato,* 70 F.3d at 1106 ("A pro se litigant must be given leave to

14 amend his or her complaint, and some notice of its deficiencies, unless it is absolutely

15 clear that the deficiencies of the complaint could not be cured by amendment.") (citation

16 omitted). However, if, after careful consideration, it is clear that a complaint cannot be

17 cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at

18 1105-06. At the hearing, Defendant acknowledged that the Ninth Circuit requires

19 granting pro se plaintiffs leave to amend unless amendment would be futile.

20        Plaintiffs are granted leave to amend their Complaint to the extent they can allege

21 facts that sufficiently plead their claims. The amended complaint should be titled "First

22 Amended Complaint," specify the local union of which each Plaintiff is a member, include

23 allegations as to exhaustion, and clearly identify the individuals and/or labor

24 organizations named as defendants. The allegations of the amended complaint must be

25 set forth in sequentially numbered paragraphs, with each paragraph number being one

26 greater than the one before, each paragraph having its own number, and no paragraph

27 / / /

28 / / /

1   number being repeated anywhere in the complaint.[6] Each paragraph should be limited

2   "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are

3   available to help plaintiff organize his complaint in the proper way. They are available at

4   the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online

5   at www.uscourts.gov/forms/pro-se-forms.

6           The amended complaint must not require the Court and the defendants to guess

7   at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th

8   Cir. 1996) (affirming dismissal of a complaint where the district court was "literally

9   guessing as to what facts support the legal claims being asserted against certain

10  defendants"). The amended complaint must not require the Court to spend its time

11  "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*.

12  at 1180. The amended complaint must not require the Court and defendants to prepare

13  lengthy outlines "to determine who is being sued for what." *Id*. at 1179. In addition, all

14  filings submitted by unrepresented parties must be signed by each unrepresented party.

15  *See* Fed. R. Civ. P. 11(a).

16          Plaintiffs are informed that the court cannot refer to a prior complaint or other filing

17  in order to make the amended complaint complete. Local Rule 220 requires that an

18  amended complaint be complete in itself without reference to any prior pleading. As a

19  general rule, an amended complaint supersedes prior complaint(s), and once the

20  amended complaint is filed and served, any previous complaint no longer serves any

21  function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

22  **IV.    PLAINITIFFS' MOTION FOR PRELIMINARY INJUNCTION**

23          Plaintiffs move ex parte for a preliminary injunction against all Defendants. (ECF

24  _____

25  [6]   The Court notes that Plaintiffs attached declarations to the Complaint. (ECF No. 1 at 4-6.) Generally, allegations should be included in the actual complaint, rather than submitted in attachments to a complaint, including declarations. A plaintiff may verify

26  their complaint, but verification is not required. *See* Fed. R. Civ. P. 11(a) ("Unless a rule

27  or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit.").

28

No. 10.) Defendants opposed the motion. (ECF No. 17.) The standard for issuing a preliminary injunction requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a).

### A.    Exhaustion

In Defendants' opposition to Plaintiff's motion for preliminary injunction, Defendants briefly argue that Plaintiffs have not exhausted their internal union remedies. Defs. Opp'n Pl. Mot. Prelim. Inj. at 6. Both the LMRDA and the LMRA have exhaustion requirements.

### 1.    LMRDA Exhaustion

Under section 101(a)(4) of the LMRDA, no labor organization may limit the right of any member to bring an action in court, provided that "any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof[.]" 29 U.S.C. § 411(a)(4). Exhaustion under the LMRDA is permissive rather than mandatory. *See Casumpang*, 269 F.3d at 1061-62. The court has "broad discretion to require, or not to require,

1    exhaustion depending on the reasonableness of such requirement in light of the facts of

2    each case." *Id.* (citation omitted).

3    Courts in the Ninth Circuit consider three factors when deciding whether to require

4    exhaustion:  (1) "[w]hether union officials are so hostile to the employee that he could not

5    hope to obtain a fair hearing on his claim"; (2) "whether the internal union appeals

6    procedures would be inadequate either to reactivate the employee's grievance or to

7    award him the full relief he seeks"; and (3) "whether exhaustion of internal procedures

8    would unreasonably delay the employee's opportunity to obtain a judicial hearing on the

9    merits of his claim." *Id.* at 1062 (citation omitted). The burden is on the moving party to

10   establish the availability of adequate internal union remedies. *See id.*

11   Here, Defendants have not established that there are adequate union remedies

12   available to Plaintiffs. *See Casumpang*, 269 F.3d at 1062. Accordingly, Defendants have

13   not met their burden to show that Plaintiffs failed to exhaust internal union remedies as

14   to their LMRDA claims. *See id.*; Defs. Opp'n Pl. Mot. Prelim. Inj. at 6. The Court further

15   notes that Plaintiffs have not pled exhaustion in their Complaint. If Plaintiffs choose to file

16   an amended Complaint, they should be prepared to address whether they have

17   adequately exhausted their claims.

18               2.    LMRA Exhaustion

19   "When union members allege a deprivation of rights guaranteed them by the

20   union's constitution or bylaws, they must exhaust whatever internal remedies the union

21   affords prior to bringing suit against the union." *Ackley*, 958 F.2d at 1477; *see*

22   *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985-86 (9th Cir. 2007) ("Prior to

23   bringing suit, an employee seeking to vindicate personal rights under a collective

24   bargaining agreement must first attempt to exhaust any mandatory or exclusive

25   grievance procedures provided in the agreement."). An aggrieved union member may

26   seek a remedy under Section 301(a) only if internal procedures have been exhausted

27   and there is no internal remedy available for the alleged wrong, or if the court deems the

28   internal union procedures inadequate. *Ackley*, 958 F.2d at 1477. To state a claim under

1    Section 301, a plaintiff must adequately plead exhaustion of the grievance procedures

2    set forth in the agreement. *See Lopez*, 2010 WL 199716, at *6. The burden to prove that

3    a plaintiff has not exhausted his or her claims falls on the defendant. *See Europa Auto*

4    *Imports*, 2023 WL 7225003, at *5 (citing *Albino v. Baca*, 747 F.3d 1162, 1166, 1172 (9th

5    Cir. 2014)).

6         Plaintiffs have not alleged in their Complaint that they exhausted or attempted to

7    exhaust internal union remedies set forth in the union constitution or the collective

8    bargaining agreement. *See* Compl.; *Lopez*, 2010 WL 199716, at *6. If Plaintiffs choose

9    to file an amended Complaint, they should be prepared to address whether they have

10   adequately exhausted their claims.

11        **B.    Dismissal of Complaint**

12        Because the Complaint is dismissed with leave to amend, for purposes of a

13   preliminary injunction, the Court finds that Plaintiffs fail to demonstrate that they are likely

14   to succeed on the merits of their claims. In addition, as addressed above, Plaintiffs have

15   provided no authority to support finding that the individual Defendants are able to

16   provide the equitable relief requested. For these reasons, Plaintiffs' motion for injunctive

17   relief is denied without prejudice. As such, the Court need not reach the parties' other

18   arguments as to the preliminary injunction.[7]

19   **V.    PLAINTIFFS' MOTION TO DISQUALIFY DEFENDANTS' ATTORNEY**

20        Plaintiffs seek to disqualify Defendants' attorney David Rosenfeld. (ECF No. 20.)

21   Plaintiffs argue that there is a conflict of interest because Mr. Rosenfeld "has long been

22   _____

23   [7]   For example, Defendants argue that Plaintiffs were not members of the local union
     whose meetings they attended to discuss and vote on the bylaws. Defs. Opp'n Pl. MPI at
24   4-5 (ECF No. 17). According to Defendants, this means Plaintiffs did not have rights to
     participate in the deliberations or express any views about the matters being discussed
25   at the meetings. *Id.* A "member" is defined as "any person who has fulfilled the
     requirements for membership in such organization." 29 U.S.C. § 402(o). If individuals
26   have complied with the requirements to be members of a local union under reasonable
     rules and regulations, then they are entitled to the rights and privileges guaranteed by
27   section 101(a)(1). *See Parish v. Legion*, 450 F.2d 821, 825, 827 (9th Cir. 1971). If
     Plaintiffs choose to amend their Complaint, they should clarify their local union
28   membership.

1  an advocate for union democracy, transparency, and statutory compliance," but is

2  representing union officers "who are accused of violating those very obligations." *Id.*

3  Defendants have opposed the motion. (ECF No. 23.)

4      In determining whether to disqualify counsel, state law applies. *See In re County*

5  *of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("we apply state law in determining

6  matters of disqualification"). Because of the potential for abuse, disqualification motions

7  are subject to strict judicial scrutiny. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*,

8  760 F.2d 1045, 1050 (9th Cir. 1985). The party seeking disqualification bears the burden

9  of establishing by a preponderance of the evidence the basis for disqualification. *Storz*

10  *Management Co. v. Carey*, 526 F.Supp.3d 747, 751 (E.D. Cal. 2021). The

11  disqualification of counsel is generally disfavored and should be imposed only when

12  "absolutely necessary." *Id.* at 752 (citation omitted).

13      At the hearing, the Court addressed Plaintiffs' motion to disqualify and provided

14  the parties with the opportunity to present argument. Plaintiffs withdrew their motion to

15  disqualify on the record, and therefore, Plaintiff's motion is deemed WITHDRAWN. (ECF

16  No. 36.)

17  **VI.    CONCLUSION**

18      In conclusion, IT IS HEREBY ORDERED that:

19      1.    Defendants' motion to dismiss (ECF No. 12) is GRANTED, and the

20          Complaint is DISMISSED with leave to amend;

21      2.    Plaintiffs' motion for preliminary injunction (ECF No. 10) is denied without

22          prejudice;

23      3.    Plaintiffs' motion to disqualify Defendants' attorney (ECF No. 20) is

24          WITHDRAWN as requested by Plaintiffs; and

25      4.    Plaintiffs are granted twenty-one (21) days from the date of this order to file

26          an amended complaint. Failure to timely file an amended complaint will

27  / / /

28  / / /

1      result in dismissal of this action.

2

3    Dated:  November 5, 2025

4                                                              _____
                                                              CHI SOO KIM
5                                                             UNITED STATES MAGISTRATE JUDGE

6    5, upch.2203.25

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28