UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH J. UPCHURCH, et al.,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WILLIAMS, et al.,<br><br>Defendant. | Case No. 2:25-cv-02203<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 41, 44) |

Pending before the Court is Plaintiffs Joseph J. Upchurch, Mark William Shelley, and Anthony Tofani's motion for a temporary restraining order (ECF No. 41); Defendants James Williams and Robert Williams' motion to dismiss the First Amended Complaint ("FAC"). (ECF No. 44); and Defendants' objection to Plaintiffs' reply (ECF No. 46). Plaintiffs are appearing without counsel.[1]  Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the January 13, 2026, hearing. (ECF No. 47.)

For the reasons that follow, the Court DENIES Plaintiffs' motion for a temporary

---

[1]  This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 8, 13.)

1

restraining order; DENIES Defendants' objections to the reply as moot; and GRANTS Defendants' motion to dismiss with leave to amend.

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiffs' FAC contains fewer factual allegations than in the original Complaint. Plaintiffs allege irregularities in the 2025 "Bylaws-Approval Process." FAC at ¶ 12. Plaintiffs claim that they were denied "essential financial and explanatory information regarding the proposed amendments." *Id*. at ¶ 13. They further allege that Defendant James Williams "ruled that a valid motion to adjourn a Local Union meeting was not allowed…" and that such action "deprived members of established parliamentary protections." *Id*. at ¶ 14. Plaintiffs allege that the way bylaws were presented differed among local unions, which "resulted in inconsistent and unequal access to information." *Id*. at ¶ 15.

### B.    Procedural Posture

On August 8, 2025, Plaintiffs filed their original complaint against defendants James Williams and Robert Williams. (ECF No. 1.) Plaintiffs also filed a motion for preliminary injunction on the same day. (ECF No. 2.) On August 15, 2025, Plaintiffs filed an amended motion for preliminary injunction and set it for hearing on September 23, 2025. Pl. Mot. (ECF No. 10); *see* ECF No. 11. On September 10, 2025, pursuant to the Court's September 5, 2025 minute order (ECF No. 11), Defendants filed an opposition to the motion for preliminary injunction. Defs. Opp'n Pl. Mot. Prelim. Inj. (ECF No. 17).

On September 4, 2025, Defendants filed a motion to dismiss the Complaint and set it for hearing on October 28, 2025. Defs. Mot. (ECF No. 12). Pursuant to Defendants' request (ECF No 18), the Court consolidated the hearings on both motions to October

---

[2]   These facts primarily derive from the FAC (ECF No. 40), which are construed in the light most favorable to Plaintiffs as the non-moving party. *See Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

28, 2025. (ECF No. 19.) Plaintiffs filed a motion to advance the hearing on the motion for preliminary injunction (ECF No. 21), which the Court denied. (ECF No. 22.) Plaintiffs also filed a motion to disqualify Defendants' attorney (ECF No. 20), and Defendants filed an opposition (ECF No. 23). On September 30, 2025, the Court instructed Plaintiffs to file an opposition or a statement of non-opposition to Defendants' motion to dismiss by close of business October 7, 2025. (ECF No. 24.) Plaintiffs filed a document titled "Statement of Opposition to Defendants Opposition to Request for Preliminary Injunction." (ECF No. 25.) On October 9, 2025, Defendants filed a notice of no opposition received as to the motion to dismiss. (ECF No. 26.) On October 13, 2025, Defendants filed an objection to Plaintiffs' opposition. (ECF No. 27.) On October 28, 2025, the morning of the hearing, Plaintiffs filed another opposition to Defendants' motion to dismiss without leave of court. (ECF No. 35.) At the hearing, Plaintiffs withdrew their motion to disqualify (ECF No. 20). (ECF No. 36.)

On November 7, 2025, the Court granted Defendants' motion to dismiss, dismissing the original complaint with leave to amend and denied Plaintiffs' motion for preliminary injunction. (ECF No. 37.) Plaintiffs were given 21 days to file a FAC. *Id*. On November 17, 2025, Plaintiffs timely filed their FAC. (ECF No. 40.) Plaintiffs concurrently filed a motion for a temporary restraining order. (ECF No. 41.) On November 20, 2025, the Court acknowledged receipt of Plaintiffs' filings but declined to hold a hearing on the temporary restraining order. (ECF No. 42.) On December 1, 2025, Defendants filed their opposition to the motion for temporary restraining order. (ECF No. 43.) Defendants filed a motion to dismiss the FAC on the same day, with a hearing scheduled for January 13, 2026. (ECF No. 44.) On December 8, 2025, Plaintiffs filed a reply to the opposition and supplemental argument. (ECF No. 45.) Defendants objected to Plaintiffs' reply on December 15, 2025. (ECF No. 46.)

On December 19, 2025, the Court vacated the January 13 hearing where Plaintiffs had not filed an opposition or notice of non-opposition to the motion to dismiss. (ECF No. 47.) Plaintiffs were given an extension until January 5, 2026 to file an

opposition or a statement of non-opposition. *Id*. On January 5, 2026, Plaintiffs filed an opposition to Defendants' motion to dismiss the FAC. (ECF No. 48.) Defendants filed a reply to Plaintiffs' opposition on January 20, 2026. (ECF No. 49.)

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

### C.    Federal Rule of Civil Procedure 8

A complaint must contain a short and plain statement of the claims as required by

Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest; a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

III.    **DISCUSSION**

    **A.    Defendants' Motion to Dismiss the FAC**

Defendants' motion to dismiss argues that Plaintiffs have insufficiently pled agency against the two new union Defendants. Defs. Mot to Dismiss at 4. Defendants also contend Plaintiffs have insufficiently pled each of their causes of action. *Id*. at 5-7.[3]

        1.    Failure to State a Claim Against Specific Defendants

        *a.    Defendants IUPAT and District Council 16*

In the FAC, Plaintiffs named District Council 16 and IUPAT as defendants. However, Defendants James Williams and Robert Williams argue in their motion to dismiss that Plaintiffs fail to allege any conclusive allegations as to "who did what with respect to bylaws amendments." Defs. Mot. to Dismiss at 4. They are correct.

In the section of the FAC titled: "General Allegations," Plaintiffs allege that both District Council 16 and the IUPAT "initiated a process to adopt amendments. . . to the bylaws." FAC at ¶ 12. In doing so, Plaintiffs allege that they were "denied equal and meaningful participation in the governance of District Council 16" and IUPAT bore

---

[3] In Defendants' reply, Defendants note that Plaintiffs' opposition "was likely generated by AI." Defs. MTD Reply at 2; *see also id*. at 4. This Court does not prohibit parties from using artificial intelligence ("AI") in their court filings. Though this Court does not have such a prohibition, the Court cautions the parties that the use of AI or generative AI can lead to inaccurate factual statements, inaccurate legal citations, and inaccurate argument. All parties must ensure that their court filings are factually and legally accurate, including when a party uses AI tools in the preparation or submission of their court filings.

responsibility for these violations because of its supervisory authority over District Council 16. *Id*. at ¶¶ 18, 21. These are the extent of Plaintiffs' allegations against the two union co-defendants. These allegations are conclusory and do not allege any specific conduct by either organization. Because Plaintiffs have failed to sufficiently plead claims against both defendants, they are dismissed as parties to the lawsuit with leave to amend.

### b.    Defendant Robert Williams

Plaintiffs have failed to sufficiently plead a claim against Defendant Robert Williams. Though the FAC acknowledges that Robert Williams is a party to the lawsuit, *id*. at ¶ 9, there are no other specific allegations regarding Robert Williams. Because Plaintiffs have failed to sufficiently plead a claim against Robert Williams, he is dismissed as a party to the lawsuit with leave to amend.

### 2.    Labor-Management Reporting and Disclosure Act Section 101(a)(1) Claim

Title I of the Labor-Management Reporting and Disclosure Act ("LMRDA") "provides union members with an exhaustive 'Bill of Rights' enforceable in federal court." *Local No. 82 v. Crowley*, 467 U.S. 526, 536 (1984). This Bill of Rights guarantees every union member equal rights to vote and participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline. *Id*. at 536-37. Section 101(a)(1) of the LMRDA provides that union members "have equal rights and privileges" within the organization "to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." 29 U.S.C. § 411(a)(1) (referred to as LMRDA § 101(a)(1)). To state a claim under Section 101(a)(1), "a union member must allege a denial of rights accorded to other members." *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1473 (9th Cir. 1992).

The FAC does not sufficiently plead this claim. Plaintiffs state that Defendants "denied Plaintiffs equal rights to participate in union meetings concerning the 2025 bylaws." FAC at ¶ 23. Plaintiffs further allege that Defendants "imposed unequal procedures and inconsistent access to information across Local Unions." *Id*. at ¶ 24. However, this is the extent of the FAC's allegations, and both are conclusory. This claim is dismissed with leave to amend to the extent Plaintiffs can identify specific actors and raise allegations regarding procedures and conduct that denied them rights accorded to other members.

### 3.   LMRDA Section 501 Claim

LMRDA Section 501 provides that union officers owe to their members duties to "hold [a labor organization's] money and property solely for the benefit of the organization and its members and to manage, invest and expend the same in accordance with its constitution and bylaws… to refrain from dealing with such organization as an adverse party… [to refrain] from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization." 29 U.S.C. § 501.

To state a claim under Section 501, a union member must allege that a union officer breached their duty "to hold [the union's] money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws." *See Flaherty v. Warehousemen*, Garage and Service Emp. Local Union No. 334, 574 F.2d 484, 486-487 (9th Cir. 1978). There are three conditions precedent before bringing an action under Section 501: (1) the member must request the union to take court action to address the breach of duty by union officers; (2) the union or its governing board or officers must refuse or fail to sue; and (3) the plaintiff must make a showing of good cause. *Penuelas v. Moreno*, 198 F. Supp. 441, 443 (S.D. Cal. 1961). The showing of good cause must be joined with a

verified application of leave to file the claim, which may be in the form of a complaint. *Horner v. Ferron*, 362 F.2d 224, 227 (9th Cir. 1966). This application may be made ex parte. *Id*. at 228. The good cause requirement is "intended as a safeguard to the affected union against harassing and vexatious litigation brought without merit or good faith." *Id*. at 228.

Plaintiffs did not request leave of court before adding their Section 501 claim to the FAC. (*See* ECF No. 40.) This alone is grounds for dismissal. *See Flaherty*, 574 F.2d at 487. The FAC also fails to mention any attempt by Plaintiffs to request their union take court action against the offending officers, or Plaintiffs waiting for a failure or refusal to prosecute these violations by the union. *See Penuelas*, 198 F. Supp. at 443.

In addition, the FAC alleges a breach of a fiduciary duty "to administer the affairs of the organization that was honest, nondiscriminatory, and in the best interests of the membership." FAC at ¶ 27. This allegation does not name a duty identified in Section 501(a) nor does it allege conduct by any specific individual officer. This claim is dismissed with leave to amend to the extent that Plaintiffs can follow the conditions precedent to file this claim described above. *See Penuelas* 198 F. Supp. at 443. A showing of good cause must be accompanied by an application for leave of court to file the claim, which may be in the form of a complaint. *Horner*, 362 F.2d at 227. This application may be made ex parte. *Id*. at 228.

### 4. Labor Management Relations Act Section 301 Claim

A claim for violation of a union constitution or a collective bargaining agreement may be brought under Section 301 of the Labor Management Rights Act ("LMRA"), 29  U.S.C. § 185, for breach of contract. *See Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1476 (9th Cir. 1992); *Smith v. Evening News Ass'n*, 371 U.S. 195, 199-201 (1962). To state a LMRA Section 301(a) claim, a plaintiff must allege facts showing that a defendant violated a specific portion of a union constitution or contract. *See Sheen v. Screen Actors Guild*, 2012 WL 2360923, at *9-10 (C.D. Cal. Mar. 28, 2012); *Sunrise Hosp. & Med. Ctr., LLC v. Loc 1107 of Serv. Emps. Int'l Union*, 2024 WL

4564317, at *3-4 (D. Nev. Oct. 23, 2024). In addition, a plaintiff must adequately plead exhaustion of the grievance procedures set forth in the agreement. *See Lopez v. HMS Host, Inc.*, 2010 WL 199716, at *6 (N.D. Cal. Jan 13, 2010) (citing *DelCostello v. Int'l Bhd. Of Teamsters*, 472 U.S. 151, 163 (1983)).

Here, neither of these requirements are met in the FAC. Plaintiffs merely acknowledge that the IUPAT Constitution is a contract under Section 301 and allege Defendants violated the Constitution by "failing to conduct the bylaws process in a uniform and democratic manner." FAC at ¶¶ 31-32. These allegations do not name a specific portion of the IUPAT Constitution that Defendants violated. *See Sheen*, 2012 WL 2360923, at *9-10. Additionally, the FAC does not allege that Plaintiffs have exhausted internal IUPAT remedies. This claim is dismissed with leave to amend to the extent that Plaintiffs can identify what specific constitutional provisions Defendants violated and allege they exhausted all grievance procedures set forth in the union constitution.

### 5. Plaintiffs' "Improper Interference with Democratic Governance" Claim

Plaintiffs allege that Defendants' conduct was an improper interference with their democratic rights which caused a "loss of meaningful representation and dilution of their voting rights." FAC ¶¶ 35-36. Plaintiffs do not explicitly name a statute or other basis under federal law for this claim. While it is not necessary under Federal Rule of Civil Procedure 8 for plaintiffs to name a specific statute to properly state a claim, "they must at least present sufficient facts in order to appraise Defendants of the particular statutory violations in which they are charged." *Friend v. Homecomings Financial Network Inc.*, 2009 WL 10675235, at *5 (C.D. Cal. Jun. 3, 2009). Here, Plaintiffs do not do this. Instead, Plaintiffs plead that Defendants "improper[ly] interfere[d] with Plaintiffs' democratic rights guaranteed under federal law," which led to a "loss of meaningful representation and dilution of [Plaintiffs'] voting rights." FAC ¶¶ 36-37. This is conclusory and fails to provide sufficient facts where the FAC fails to identify specific conduct made

9

by specific actors. Defendants are left without notice as to the specific statutory violation in which they are charged. This claim is dismissed with leave to amend to the extent that Plaintiffs can allege sufficient facts of the alleged violations under federal law that are more than conclusory allegations.

### B. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato* v. *U.S.*, 70 F.3d 1103, 1106 ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Plaintiffs' FAC does not cure most of the defects raised in the original Complaint, which the Court identified in a detailed order. *See* 11/06/2025 Order (ECF No. 37). It unfortunately contains far fewer allegations than the original Complaint and primarily consists of conclusory, general allegations. Despite Plaintiffs' failure to correct the defects, due to Plaintiffs' pro se status, the Court grants Plaintiffs one last opportunity to amend their complaint to sufficiently allege claims.

As stated in the previous order: "Plaintiffs are informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. . . As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012)." 11/06/2025 Order at 18. Here, Plaintiffs included various factual allegations in their briefing on the motion to dismiss and motion for a temporary restraining order that were

not pled in their FAC, which is improper. Briefs and motions generally cannot raise new factual allegations that are not pled in the complaint. Any Second Amended Complaint must contain all of Plaintiffs' factual allegations and include sufficient detail such that all named defendants have notice of what legal claims are being brought against them based on what conduct.

Plaintiffs must also refrain from making conclusory or vague allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). When ruling on a motion to dismiss, the Court is not obligated to accept a legal conclusion as true that is "couched as a factual allegation." *Id*. Any Second Amended Complaint must contain fact-based allegations that are more than just general or conclusory assertions of wrongdoing to survive dismissal.

Plaintiffs also must include allegations against each defendant named. Once again, as stated in the order granting dismissal of the Complaint: "The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) . . . The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff [] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179." 11/06/2025 Order at18.

It also appears Plaintiffs have not served both Defendants District 16 and the IUPTA. Def. Mot. to Dismiss at 3. Federal courts do not have jurisdiction over a defendant unless the defendant has been served properly under Rule 4. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Rule 4 governs service of process for all suits in federal court and likewise governs the sufficiency of service of process. *See generally* Fed. R. Civ. Proc. 4. Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." The United States Supreme Court has recognized that "[s]ervice of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Rule 4 sets forth the requirements for the manner of service. Rule 4(c)(1) requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. Proc. 4(c)(1). Rule 4(h) governs service of process on a corporation, agency or association. Fed. R. Civ. Proc. 4(h)(1). Plaintiffs must timely serve co-Defendants District 16 and IUPAT with the Second Amended Complaint in accordance with Federal Rule of Civil Procedure 4.

### C. Plaintiffs' Motion for a Temporary Restraining Order

Plaintiffs move for a temporary restraining order (TRO). (ECF No. 41.) Defendants object to Plaintiffs' reply to Defendants' opposition to the TRO. (ECF No. 46.) The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted). Because Plaintiffs' FAC is dismissed without prejudice, Plaintiffs are unlikely to succeed on the merits of the FAC. Accordingly, the TRO is denied and Defendants' objection is dismissed as moot.

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Defendants' motion to dismiss (ECF No. 44) is GRANTED, and the First Amended Complaint is DISMISSED with leave to amend;

2.   Plaintiffs' motion for a temporary restraining order (ECF No. 41) is DENIED;

3.     Defendants' objections (ECF No. 46) to Plaintiffs' reply (ECF No. 45) are DENIED as moot;

4.     Plaintiffs are granted twenty-one (21) days from the date of this order to file a Second Amended Complaint. Failure to timely file a Second Amended Complaint will result in dismissal of this action.

Dated:  February 3, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, upch.2203

13