UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH UPCHURCH, et al.,<br>Plaintiff,<br>v.<br>JAMES WILLIAMS, et al.,<br>Defendant. | Case No. 2:25-cv-02203-CSK<br><br>ORDER<br>(ECF Nos. 54, 59, 62) |

Pending before the Court are Defendants James Williams, Robert Williams, International Union of Painters and Allied Trades ("IUPAT"), and Painters District Council 16's motions to dismiss the Second Amended Complaint.[1] (ECF Nos. 54, 59, 62.) Plaintiffs are appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file and vacated the hearing. (ECF Nos. 60, 64.)

For the reasons that follow, the Court GRANTS Defendants' motions to dismiss and DISMISSES the Second Amended Complaint without leave to amend.

/ / /

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 6, 7, 8, 13, 15.)

# I. BACKGROUND

## A. Factual Allegations[2]

Plaintiffs Joseph J. Upchurch, Mark William Shelley, and Anthony Tofani allege that they are retired members in good standing of Defendant International Union of Painters and Allied Trades ("IUPAT"). Second Amended Complaint ("SAC") at ¶¶ 4-6 (ECF No. 51). Plaintiffs allege that in 2025, Defendant Painters District Council 16 ("District Council 16"), a subordinate labor organization affiliated with Defendant IUPAT, conducted a district wide-ratification vote that would have increased compensation for Defendant Robert Williams, who is the Business Manager/Secretary-Treasurer of District Council 16. *Id*. at ¶¶ 10, 11, 15.

The SAC alleges that on an unspecified date during the ratification period, Plaintiff Mark William Shelley attended a Local 83 meeting as a visiting member and failed to secure a majority vote to earn the privilege of speaking during the meeting. *Id*. at ¶¶ 20-22. The SAC alleges that Joe Santos, an individual who was also a non-member of Local 83, addressed the meeting without having a motion made to grant him privilege of the floor, nor a majority vote. *Id*. at ¶¶ 23-25.

The SAC alleges on July 8, 2025, a motion to adjourn a Local 718 meeting was successful to allow members time to obtain additional information and further deliberate the proposed amended by-laws pending a new meeting on September 6, 2025. *Id*. at ¶¶ 29-30, 32-33. The SAC alleges that on July 11, 2025, Defendant James Williams, the President of Defendant IUPAT, issued a written notice that declared the adjournment invalid and nullified the September 6, 2025 meeting. *Id*. at ¶¶ 37, 39. The SAC alleges that Plaintiff Shelley sent Defendant James Williams a written protest of the declaration. *Id*. at ¶ 40. The SAC alleges that on an unspecified date, the amended by-laws were

---

[2] These facts primarily derive from the SAC (ECF No. 51), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

implemented. *Id*. at ¶ 49.

**B. Procedural Posture**

On August 8, 2025, Plaintiffs filed their original complaint against Defendants James Williams and Robert Williams. (ECF No. 1.) Plaintiffs also filed a motion for a preliminary injunction on the same day. (ECF No. 2.) On August 15, 2025, Plaintiffs filed an amended motion for a preliminary injunction. (ECF No. 10; *see* ECF No. 11.) On September 10, 2025, pursuant to the Court's September 5, 2025 minute order (ECF No. 11), Defendants James Williams and Robert Williams filed an opposition to the motion for a preliminary injunction. (ECF No. 17.)

On September 4, 2025, Defendants James and Robert Williams filed a motion to dismiss the Complaint and set it for hearing on October 28, 2025. (ECF No. 12.) Pursuant to Defendants' request, the Court consolidated the hearings on both motions to be held on October 28, 2025. (ECF No. 19.) On November 7, 2025, the Court granted Defendants' motion to dismiss, dismissing the original complaint with leave to amend and denied Plaintiffs' motion for a preliminary injunction. (ECF No. 37.) Plaintiffs timely filed a First Amended Complaint within 21 days on November 17, 2025. (ECF Nos. 37, 40.)

Plaintiffs concurrently filed a motion for a temporary restraining order on November 17, 2025. (ECF No. 41.) On December 1, 2025, Defendants James and Robert Williams filed an opposition to the motion for a temporary restraining order and filed a motion to dismiss the First Amended Complaint. (ECF Nos. 43, 44.) On February 3, 2026, the Court issued an order granting Defendants James and Robert Williams' motion to dismiss the First Amended Complaint with leave to amend and denying Plaintiffs' motion for a temporary restraining order. (ECF No. 50.)

Plaintiffs timely filed a SAC on February 18, 2026. (ECF No. 51.) Defendants James and Robert Williams filed a motion to dismiss on March 6, 2026. (ECF Nos. 54, 55.) On March 19, 2026, Defendant IUPAT stated that it had been served with the Second Amended Complaint after not being previously served with the other complaints

and joined the motion to dismiss filed by the individual Defendants, James Williams and Robert Williams, and made additional arguments. (ECF No. 59.) The Court provided extensions for the parties to file their briefs.(ECF No. 60.) On April 1, 2026, Defendant District Council 16 stated it had now been served and joined the motion to dismiss filed by individual Defendants Robert Williams and James Williams while also making additional arguments. (ECF No. 62.) On April 16, 2026, Plaintiffs filed an opposition to the joint motions to dismiss. (ECF No. 63.) On May 5, 2026, all Defendants replied to Plaintiffs' opposition. (ECF No. 65.) The motions were submitted on the record and briefs. (ECF Nos. 60, 64.) Briefing is now complete.

## II. LEGAL STANDARDS

### A. Rule 8, Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). To give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to

amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

**B. Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

**III. DISCUSSION**

**A. Defendants' Motion to Dismiss the SAC**

In the SAC, Plaintiffs raise the following claims against all Defendants: (1) a violation of Labor-Management Reporting and Disclosure Act ("LMRDA") Section 101(a)(1); and (2) a violation of Labor Management Relations Act ("LMRA") Section 301. SAC ¶¶ 65-75.

All Defendants move to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants argue that Plaintiffs failed to state a Section 101(a)(1) LMRDA claim because they have failed to allege unequal enforcement of Plaintiff Shelley's participation rights and failed to establish how each Defendant was involved in this deprival. Def. Williams Mot. at 3-5 (ECF No. 54); Def. IUPAT Mot. at 3

(ECF No. 59); Def. District Council 16 Mot. at 3-4 (ECF No. 62). Defendants also argue the affected Local 718 members of the adjournment invalidation were notified of their right to vote elsewhere and give adequate information to cast a vote. Def. Williams Mot. at 6; Def. District Council 16 Mot. at 3. Defendants also argue Plaintiffs have failed to allege a Section 301 LMRA claim because Plaintiffs fail to allege how Defendant Robert Williams' actions violated the IUPAT Constitution or whether they have exhausted internal union remedies. Def. Williams Mot. at 5-7; IUPAT Mot. at 3. Def. District Council 16 Mot. at 4. Because the Court's resolution of the other arguments raised in the motions to dismiss addresses all claims raised by Plaintiffs in the SAC, the Court need not reach the Defendant District Council's separate arguments.

1. <u>Labor-Management Reporting and Disclosure Act Section 101(a)(1) Claim</u>

Plaintiffs raise a LMRDA § 101(a)(1) claim based on (1) an incident where Plaintiff Shelley attended a Local 83 meeting as a visiting member, was denied an opportunity to speak, and another nonmember was allowed to speak without a majority vote; and (2) Defendant James Williams' invalidation of the Local 718 meeting adjournment. SAC ¶¶ 19-28, 29-41. Defendants move to dismiss Plaintiffs' LMRDA claim because it fails to state a violation of equal rights and Defendants' involvement in the violation. Def. Williams Mot. at 3-5; Def. IUPAT Mot. at 3; Def. District Council 16 Mot. at 2-3.

Title I of the LMRDA "provides union members with an exhaustive 'Bill of Rights' enforceable in federal court." *Local No. 82 v. Crowley*, 467 U.S. 526, 536 (1984). This Bill of Rights guarantees every union member equal rights to vote and participate in union decisions, freedom from unreasonable restrictions on speech and assembly, and protection from improper discipline. *Id*. at 536-37. Section 101(a)(1) of the LMRDA provides that union members "have equal rights and privileges" within the organization "to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such

organization's constitution and bylaws." 29 U.S.C. § 411(a)(1) (referred to as LMRDA § 101(a)(1)). To state a claim under Section 101(a)(1), "a union member must allege a denial of rights accorded to other members." *Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1473 (9th Cir. 1992).

The Court dismissed the FAC's Section 101(a)(1) claim for providing conclusory allegations regarding a denial of equal rights to participate in union meetings, creating unequal and inconsistent procedures. 2/23/26 Order at 7 (ECF No. 50) (citing FAC at ¶¶ 23-24). The SAC does not sufficiently cure these defects. First, while the SAC alleges that Plaintiff Shelley was treated unequally when attending a Local 83 meeting compared to Joe Santos, a fellow non-member who was allowed to speak at the meeting, the Court finds that the SAC fails to state a Section 101(a)(1) claim. SAC ¶¶ 19-28. For example, the SAC fails to allege how each Defendant played a role in violating the LMRDA based on the incident involving Plaintiff Shelley. The SAC alleges Defendants James A. Williams, Jr. and Robert Williams each serve as the General President of IUPAT and as the Business Manager/Secretary-Treasurer of District Council 16, respectively. SAC ¶¶ 9-10. While the IUPAT and District Council 16 are also named Defendants, each are a separate entity from Local 83, and agency must be pled for either Defendant to be liable under Section 101(a)(1). *See Laughon v. Int'l Alliance of Theatrical State Employees*, 248 F. 3d 931, 935 (9th Cir. 2001). Because no effort has been made to plead agency of the entity defendants and the Court cannot ascertain whether the individual defendants' conduct played a role in violating Section 101(a)(1) of the LMRDA, Plaintiffs fail to state a claim based on the incident involving Plaintiff Shelley.

The Court also finds that Plaintiffs fail to state a Section 101(a)(1) claim based on the invalidation of the adjournment. Plaintiffs allege that the result of the invalidation of the adjournment was a denial of the opportunity to deliberate collectively at the Local 718 continuation meeting. SAC ¶ 45. Plaintiffs allege that the continuation meeting was to occur at the offices of Defendant District Council 16, which afforded members an

opportunity to ask District Officials questions. *Id*. at ¶ 42. The standard for alleging a Section 101(a) claim is a “denial of rights accorded to other members.” *See Ackley*, 958 F. 2d at 1473. The SAC fails to plead whether the opportunity to ask district officials questions and to have further deliberation at an adjournment meeting is a right afforded to other members. Plaintiffs fail to state a claim based on the invalidation of adjournment. Therefore, Plaintiffs fail to state a Section 101(a)(1) claim and this claim is dismissed.

2. Labor Management Relations Act Section 301 Claim

In the SAC, Plaintiffs raise a LMRA § 301 claim based on Defendant James Williams allegedly issuing a written notice declaring an adjournment at a Local 718 meeting invalid. SAC ¶¶ 29-41, 70-75. Defendants move to dismiss Plaintiffs’ LMRA claim because it fails to state a violation of the IUPAT Constitution and fails to plead exhaustion. Def. Williams Mot. at 5-7; IUPAT Mot. at 3. Def. District Council 16 Mot. at 4.

A claim for violation of a union constitution or a collective bargaining agreement may be brought under Section 301 of LMRA, 29 U.S.C. § 185, for breach of contract. *See Ackley v. Western Conference of Teamsters*, 958 F.2d 1463, 1476 (9th Cir. 1992); *Smith v. Evening News Ass’n*, 371 U.S. 195, 199-201 (1962). To state a LMRA Section 301(a) claim, a plaintiff must allege facts showing that a defendant violated a specific portion of a union constitution or contract. *See Sheen v. Screen Actors Guild*, 2012 WL 2360923, at *9-10 (C.D. Cal. Mar. 28, 2012); *Sunrise Hosp. & Med. Ctr., LLC v. Loc 1107 of Serv. Emps. Int’l Union*, 2024 WL 4564317, at *3-4 (D. Nev. Oct. 23, 2024). In addition, a plaintiff must adequately plead exhaustion of the grievance procedures set forth in the agreement. *See Lopez v. HMS Host, Inc*., 2010 WL 199716, at *6 (N.D. Cal. Jan 13, 2010) (citing *DelCostello v. Int’l Brotherhood Of Teamsters*, 472 U.S. 151, 163 (1983)).

The Court dismissed the FAC’s Section 301 claim for failing to allege a specific violation of the IUPAT Constitution and for failing to allege exhaustion of internal remedies. *See* 02/23/2026 Order at 9. Plaintiffs have again failed to sufficiently allege a Section 301(a) claim in the SAC. Plaintiffs allege that Defendant James Williams violated

the IUPAT Constitution by overruling a lawful adjournment to allow members to engage in further deliberation over the proposed bylaws. SAC ¶¶ 29, 35, 37. Plaintiffs allege Defendant James Williams' actions violated the IUPAT Constitution because the Constitution "contains no provision authorizing unilateral post-adjournment invalidation of a properly adopted adjournment motion." *Id*. at ¶ 73. Plaintiffs further argue in their opposition that Defendant James Williams' actions violated "well-established parliamentary policies governing deliberative bodies." Pl. Opp. at 4 (ECF No. 63).

While Plaintiffs allege that nothing in the IUPAT Constitution allowed Defendant Williams to overrule the adjournment, they fail to allege facts showing that these actions violated a specific portion of the IUPAT Constitution, which is a required element for a Section 301 claim. *See Sunrise Hosp. & Med. Ctr., LLC*, 2024 WL 4564317, at *3-5 (finding plaintiff alleged Section 301(a) claims by pleading violations of specific sections of a collective bargaining agreement). Because Plaintiffs have failed to identify a violation of a specific section of the IUPAT Constitution, Plaintiffs have failed to state a Section 301 claim. As a result, the Court need not reach whether Plaintiffs sufficiently alleged exhaustion of internal union remedies.

**B. Leave to Amend**

If a complaint can possibly be cured by additional factual allegations, a district court should grant leave to amend. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). However, leave to amend need not be given if amendment would be futile. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023). When a plaintiff has previously amended the complaint, a district court's discretion to deny leave to amend is "particularly broad." *Salameh*, 726 F.3d at 1133.

Here, in light of the SAC's deficiencies, it appears that granting leave to amend would be futile. In considering whether leave to amend should be granted, the Court also considers that this is not the first complaint Plaintiffs have filed in this district court that was dismissed for failure to state a claim. *See* 11/06/2025 Order (ECF No. 37); 02/03/2026 Order (ECF No. 50). The SAC is the third complaint Plaintiffs have filed, and

Plaintiffs have not been able to cure pleading defects though they have been provided with two opportunities to do so. The SAC is therefore dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

**IV. CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1. Defendants James Williams and Robert Williams' motion to dismiss the Second Amended Complaint (ECF No. 54) is GRANTED.
2. Defendant IUPAT's motion to dismiss the Second Amended Complaint (ECF No. 59) is GRANTED.
3. Defendant District Council 16's motion to dismiss the Second Amended Complaint (ECF No. 62) is GRANTED.
4. The Second Amended Complaint is dismissed without leave to amend.
5. The Clerk of the Court is directed to CLOSE this case.

Dated: August 31, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, upch.2203.25.mtd